IN UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ALAN D. STORY                                                            PLAINTIFF

vs.                                   Civil No. 4:18-cv-04036

NANCY A. BERRYHILL                                       DEFENDANT
Acting Commissioner, Social Security Administration

## MEMORANDUM OPINION

Plaintiff, Alan Dean Story, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff protectively filed his applications for DIB and SSI on August 7, 2015. (Tr. 11). In this application, Plaintiff alleges being disabled due to: bulging disc, type 2 diabetes, high

1

cholesterol, high blood pressure, severe stenosis of the back, and a herniated disc with an alleged onset date of August 9, 2010. (Tr. 11, 237). This application was denied initially and again upon reconsideration. (Tr. 11). Plaintiff requested an administrative hearing and that administrative hearing was held on March 20, 2017. (Tr. 29-60). At this hearing, Plaintiff was present and represented himself. (Tr. 11, 30-65). Plaintiff, witness Theresa Higby, and a Vocational Expert ("VE") testified at the hearing. *Id.* At the time of the hearing, Plaintiff was fifty-five (55) years old and had an eighth-grade education. (Tr. 34-36).

Following the hearing, on May 23, 2014, the ALJ entered a partially favorable decision. (Tr. 11-21). The ALJ found Plaintiff had last met the insured status requirements of the Act on December 31, 2015. (Tr. 14, Finding 1). The ALJ also found Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (Tr. 14, Finding 2). The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease, history of panic disorder with agoraphobia. (Tr. 14, Finding 3). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings:"). (Tr. 14-15, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 15-18, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant also retains the ability to perform work where interpersonal contact is incidental to the work performed; and where the complexity of tasks is learned and performed by rote, few variable, little judgment; and, where supervision required is simple, direct, and concrete. *Id*.

2

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 18, Finding 6). The ALJ determined Plaintiff was not capable of performing any of his PRW. *Id.* THE ALJ next found Plaintiff's age category changed to an individual of advanced age on October 12, 2016. (Tr. 18, Finding 7). The ALJ, however, also determined prior to Plaintiff's age category change, there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 19-20, Finding 10). The ALJ based this determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of representative occupations such as a warehouse checker with approximately 69,430 such jobs in the nation, a mailroom sorter with approximately 99,190 such jobs in the nation, or a router dispatcher with approximately 17,340 such jobs in the nation. *Id.* Based upon these finding, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, at any time through the date last insured, was not disabled prior to October 12, 2016, but became disabled on that date and continued to be disabled through the date of this decision. (Tr. 20, Findings 12, 13).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's decision. (Tr. 209-213). The Appeals Council denied this request for review. (Tr. 1-4).

On March 14, 2018, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 14, 15. This case is now ready for decision.

2. **Applicable Law:**

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The

3

Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred in failing to find Plaintiff met listings 1.04 and 11.14, and ALJ's RFC findings were not supported by substantial evidence. ECF No. 14, Pgs. 3-19. In response, Defendant argues the ALJ properly evaluated Plaintiff's impairments under the listings, and that the RFC finding was supported by substantial evidence. ECF No. 15.

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 27th day of March 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE